UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                          :

UNITED STATES OF AMERICA               :

                                  :

               -v-                 :            20-CR-432 (JMF)

                                  :

YAUREL CENTENO,                :           <u>ORDER</u>

                                  :

                    Defendant.      :

                                  :
--------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       The Court received the attached motion, purportedly from the Defendant himself.  In light of the motion, the parties are hereby ORDERED to appear for a conference on **March 15, 2022,** at **3:15 p.m.** in **Courtroom 1105** of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York.

       SO ORDERED.

Dated: March 8, 2022
      New York, New York                                                 
                                                 JESSE M. FURMAN
                                      United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

UNITED STATES OF AMERICA,


       -against-                          No. 20 Cr. 432 (JMF)


YAUREL CENTENO,

              Defendant.

------------------------------------------------------X

**DEFENDANT'S PRO SE MOTION TO WITHDRAW, IN PART, PLEA OF GUILTY AND PLEA AGREEMENT, AND TO DISMISS COUNTS TWO AND THREE OF THE INDICTMENT, AND AUTHORITY IN SUPPORT THEREOF, PURSUANT TO RULES 11 (d)(2) AND 12(b)(3) (A) (i) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

   **NOW COMES** Defendant, YAUREL CENTENO, respectfully submits this motion to partially withdraw his guilty plea, to withdraw from the plea agreement, and to dismiss Counts Two and Three of the Indictment, pursuant to Rule 11(d)(2) and 12(b)(3)(A)(i) of the Federal Rules of Criminal Procedure.

## I.    BACKGROUND & RELEVANT FACTS.

    On August 25, 2020, a grand jury in the Southern District of New York returned a three-count indictment charging that Defendant, within the "Southern District of New York[,]" (1) conspired to commit robbery, in violation of 18 U.S.C. 1951 (Count One), (2) "robbed a commercial establishment in Queens, New York[,]" in violation of 18 U.S.C. 1951 (Count Two), and (3) used and

carried a firearm during and in relation to "the robbery charged in Count Two," in violation of 18 U.S.C. 924(c)(1)(A). Pursuant to a written plea agreement, and on the advice of counsel, Defendant entered a plea of guilty to Counts One and Three on October 27, 2021.

Prior to entering the guilty plea in this case, Defendant discussed with counsel whether there was a basis upon which to seek dismissal of the indictment and was assured by counsel that there wasn't. At no point since the inception of this case, and Defendant's being represented by at least two attorneys, had he been informed of a basis for seeking dismissal of any of the three counts in the indictment. Throughout the proceedings, Defendant was assured that he was charged in an entirely legal and appropriate manner. But for such advice he would not have pled guilty. Since entering his guilty plea, however, he has learned that the prosecution of Counts Two and Three were improperly placed in the Southern District of New York, that he had a constitutional right to be prosecuted in the district wherein each offense was committed, that the prosecutor engaged in gross governmental misconduct by improperly informing the Grand Jury (as reflected in the indictment) that the conduct underlying Counts Two and Three occurred within the Southern District of New York, and that a motion to dismiss Counts Two and Three (based on improper venue) would have been granted.

Defendant is currently scheduled to be sentenced on May 25, 2022. He now moves to withdraw his guilty plea to Count Three of the indictment, to withdraw from the guilty plea insofar as it requires him to plead guilty to Count Three, and to dismiss Counts Two and Three of the Indictment. This motion should be promptly granted, in the interest of justice, and to prevent a complete miscarriage of justice.

## II.     ARGUMENTS.

### POINT ONE

### THERE ARE "FAIR AND JUST REASONS" FOR PERMITTING THE DEFENDANT TO PARTIALLY WITHDRAW HIS GUILTY PLEA, AND TO WITHDRAW FROM THE PLEA AGREEMENT

**A. The Legal Standard.**

As a preliminary matter, Rule 11(d)(2)(B) provides, in relevant part, that "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea . . . [i]f the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2). "[T]his standard implies that motions to withdraw prior to sentence should be liberally granted, [but] a defendant who seeks to withdraw prior to sentence bears the burden of satisfying the trial judge that there are valid grounds for withdrawal." *United States v. Gonzalez,* 970 F.2d 1095, 1100 (2d Cir. 1992)(internal citation omitted).

-3-

In determining whether there is a "fair and just reason" for withdrawal, district courts are to consider, *inter alia,* (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion; (3) whether the government would be prejudiced by a withdrawal of the plea; and (4) whether the defendant has raised a significant question about the voluntariness of the original plea. *United States v. Schmidt,* 373 F.3d 100, 102-03 (2d Cir. 2004); *United States v. Couto,* 311 F.3d 179, 185 (2d Cir. 2002); *United States v. Karro*, 257 F.3d 112, 117 (2d Cir. 2001); *United States v. Torres,* 129 F.3d 710, 715 (2d Cir. 1997).

Indeed, the Second Circuit has also sanctioned the withdrawal from a plea agreement, while maintaining a guilty plea, so long as a defendant can establish a "fair and just reason" for so doing as well. *See, e.g., United States v. Lopez,* 385 F.3d 245, 252-254 (2d Cir. 2004). Thus, the Court may permit this Defendant to partially withdraw his guilty plea, and to withdraw from the plea agreement insofar as it requires a plea to Counts One and Three, while permitting the guilty plea on Count One to remain intact. Defendant seeks just that, and an order dismissing Counts Two and Three of the Indictment based on improper venue.

-4-

**B. Discussion.**

**(i)  *Fair and Just Reasons for Withdrawal.***

Defendant submits that he was denied the effective assistance of counsel during the plea stages of this case, resulting in a guilty plea that was wholly involuntary, unknowing, and unintelligent. That guilty plea, at least in part, is therefore invalid. More specifically, Defendant submits that but for counsel's ineffectiveness, he would never have entered a plea of guilty to Count Three of the Indictment – the firearm count, which carries a mandatory seven-year consecutive term of imprisonment. Instead, Defendant respectfully submits, he would have proceeded to trial on Counts Two and Three of the Indictment and put the Government to its burden of proving that the offenses charged in those counts were committed within the Southern District of New York. Inasmuch as neither the conduct charged in Counts Two or Three occurred within the Southern District of New York, the jury would have been compelled to enter not-guilty verdicts on both Counts Two and Three. Inasmuch as counsel failed to inform Defendant of his right to seek and obtain dismissal of counts Two and Three, and counsels' effective misrepresentation that the charges were not subject to dismissal – information upon which Defendant relied in entering his guilty plea – the guilty plea is invalid.

-5-

Ineffective assistance of counsel claims are governed by the familiar standard enunciated in *Strickland v. Washington,* 466 U.S. 668 (1984). That standard requires a defendant claiming ineffective assistance of counsel to show that (a) deficient performance by the attorney, and (b) prejudice – *i.e.,* a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceedings would have been different. 466 U.S. at 687-91. To demonstrate prejudice arising from a guilty plea allegedly rendered involuntary by counsel's deficient performance, a petitioner must establish that counsel's performance was objectively unreasonable and that, but for counsel's erroneous advice, he would not have pleaded guilty. *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)

"It is well accepted that an accused who has not received reasonably effective assistance from counsel in deciding to plead guilty cannot be bound by that plea because a plea of guilty is valid only if made intelligently and voluntarily." *United States v. George,* 869 F.3d 333, 335-336 (7th Cir. 1989); *Downs-Morgan v. United States,* 765 F.2d 1534, 1538 (11th Cir. 1985).

Against this backdrop of authority, and upon the relevant facts set forth herein, Defendant submits that he was denied his Sixth Amendment right to Effective Assistance of Counsel, resulting in an involuntary guilty plea.

As noted, Defendant was given the impression that the indictment was in no way subject to dismissal, and that the Government had properly charged him in the three-count indictment. At least one of his attorneys had advised that there was no basis for challenging the indictment. Armed with this information, and the advice of counsel to enter a plea of guilty to Counts One and Three on the basis that such a plea was favorable, Defendant entered a plea of guilty to Counts One and Three. However, venue was improper as to Counts Two and Three and there was a substantive basis for seeking dismissal pursuant to Rule 12(b)(3)(A)(i) of the Federal Rules of Criminal Procedure. This fact was essentially withheld by counsel from this Defendant, and the guilty plea was thus involuntary given the affirmative defense of improper venue.

Venue was improper in the Southern District of New York inasmuch as the conduct underlying Counts Two and Three, and but for counsel's effective misrepresentation that the indictment was not subject to substantive attack, counsel's failure to seek dismissal based on improper venue, and counsel's incompetent advice to enter a plea of guilty to Count Three, when that count was subject to dismissal, Defendant would never have entered a plea of guilty and would have, instead, insisted on proceeding to trial, where he would have been acquitted of Counts Two and Three of the Indictment.

-7-

Proper venue is of the utmost importance in criminal proceedings. *United States v. Cabrales*, 524 U.S. 1, 6 (1998)("The Constitution twice safeguards the defendant's venue right" under Article III and the Sixth Amendment). A defendant has a right to be tried in the location where the offense was committed. *See, U.S. Const. art. III, Section 2, cl. 3* ("Trial of all Crimes . . . shall be held in the State where said Crimes shall have been committed"); *U.S. Const. amend. VI* ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury in the State and district wherein the crimes shall have been committed"); *Fed. R. Crim. P. 18* ("the government must prosecute an offense in the district where the offense was committed")

As a general rule, "the *locus delicti* [place of the charged offense] must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *Cabrales,* 524 U.S. at 6-7; *United States v. Rodriguez-Moreno,* 526 U.S. 275, 279 (1999)("[A] court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts"). Both the robbery charged in Count Two and the firearm offense charged in Count Three occurred within the Eastern District of New York, not the Southern District – despite the material misrepresentation made to the Grand Jury. Dismissal was appropriate, and counsel should have moved for such.

The facts and circumstances of this case establish both fair and just reasons for allowing Defendant to both withdraw his guilty plea to Count Three, and to withdraw from the plea agreement, insofar as it required him to enter a plea of guilty to Count Three. Further, based on the obvious venue defect, the Court should promptly order Counts Two and Three dismissed.

Defendant maintains his guilty with respect to Count One and stands ready to be sentenced on that count.

### III.   CONCLUSION.

For the reasons advanced heretofore, an order vacating the guilty plea on Count Three of the Indictment should issue, in the interest of justice. In addition, the Court should issue an order dismissing both Counts Two and Three of the Indictment based on improper venue. In connection therewith, the Court should grant leave to Defendant to withdraw from the plea agreement, insofar as it required him to enter a plea of guilty to Count Three, and the Court should leave intact the guilty plea on Count One of the Indictment.

-9-

WHEREFORE, Defendant prays that this motion will be granted, in its entirety.

Dated: Valhalla, New York
      March 8, 2022

Respectfully submitted,

*Yaurel Centeno*

_____

**YAUREL CENTENO**
**WESTCHESTER COUNTY JAIL**
**P.O. BOX 10**
**VALHALLA, NEW YORK 10595**

## IV.   CERTIFICATE OF SERVICE.

This shall certify that a true and correct copy of this motion has been mailed to the Office of the U.S. Attorney for the Southern District of New York and One Saint Andrew's Plaza, New York, New York 10007, on this 8th day of March, 2022.

**Dated: March 8, 2022**

*Yaurel Centeno*

_____

**YAUREL CENTENO**

-10-